IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUEL BUMATAY, an individual, ) and MARJORY BUMATAY, an ) individual, ) ) Plaintiffs, ) ) vs. ) ) FINANCE FACTORS, LTD., a ) Business Entity; FIRST HAWAII ) TITLE CORP., a Business Entity, form) unknown; ALII MORTGAGE ) COMPANY, form unknown; and ) DOES 1-100 inclusive, ) ) Defendants. ) _____ ) | CIVIL NO. 10-00375 JMS/LEK  ORDER GRANTING DEFENDANT FINANCE FACTORS, LTD.'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT FIRST HAWAII TITLE CORP.'S SUBSTANTIVE JOINDER; AND DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

## ORDER GRANTING DEFENDANT FINANCE FACTORS, LTD.'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT FIRST HAWAII TITLE CORP.'S SUBSTANTIVE JOINDER; AND DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

## I. INTRODUCTION

On July 6, 2010, Plaintiffs Samuel Bumatay and Marjory Bumatay

(collectively, "Plaintiffs") filed a *pro se* Complaint alleging Truth in Lending Act

("TILA"), 15 U.S.C. § 1601 *et seq.* and other related violations, against Defendants

Finance Factors, Ltd. ("Finance Factors"), First Hawaii Title Corp. ("First

Hawaii"), and Alii Mortgage Company ("Alii Mortgage") (collectively,

"Defendants")[1] related to a prior judicial foreclosure on property located at 22
Papuhau Place, Wailuku, Hawaii (the "Subject Property"). Finance Factors moves
for summary judgment, joined substantively by First Hawaii, arguing that
Plaintiffs' claims here are barred because of prior final state-court proceedings.[2]
Plaintiffs have not filed an opposition, either to Finance Factors' Motion or to First
Hawaii's Substantive Joinder.

　　　　Plaintiffs had earlier filed a Petition for Injunctive Relief and
Temporary Restraining Order ("TRO"). *See* Doc. No. 8. On July 9, 2010, the
court denied the request for a TRO, and deferred ruling on a Motion for
Preliminary Injunction pending notification that the Complaint and Petition had
been served. *See* Doc. No. 9. After Plaintiffs gave such notification, the court set
a briefing schedule on Plaintiffs' Motion for Preliminary Injunction and on
Defendants' Summary Judgment Motions. All three matters are now before the
court.

---

[1] Alii Mortgage has not appeared in the action and is treated as a non-served Defendant.
Further, the Complaint names "Finance Factor" as a Defendant; Finance Factors, Ltd. (with an
"s") has answered. The court proceeds with Finance Factors, Ltd. as the properly-named
Defendant.

[2] Finance Factors filed its Motion for Summary Judgment, Expungement of Notice of
Pendency of Action, and Other Relief (Doc. No. 10) on July 26, 2010, and on August 2, 2010
First Hawaii filed a Substantive Joinder under Local Rule 7.9, seeking summary judgment on its
own behalf. The court treats First Hawaii's Substantive Joinder as a Motion for Summary
Judgment.

For the following reasons, the court GRANTS summary judgment in favor of Finance Factors (Doc. Nos. 10 and 11) and First Hawaii (Doc. No. 22), and DENIES Plaintiffs' Motion for Preliminary Injunction (Doc. No. 8). Doctrines of res judicata and collateral estoppel (claim and issue preclusion) bar this federal action because a state court actually decided the issues, or Plaintiffs could have raised their claims, in prior state court proceedings. *See, e.g.*, *Albano v. Nw. Fin. Haw., Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001) (applying Hawaii res judicata doctrine to bar claims for violations of TILA in a subsequent federal action that could have been asserted in the state judicial foreclosure action). Any federal claims not barred by issue preclusion against First Hawaii fail as a matter of law.

## II.  <u>BACKGROUND</u>

### A.    **Factual Background**

On August 17, 2007, Plaintiffs borrowed $750,000 from Finance Factors and executed a note to that effect. Compl. ¶ 3; Yamada Decl. Ex. A at 3. Plaintiffs executed a mortgage (the "Subject Mortgage") on the Subject Property as security for the loan. *Id.* First Hawaii performed escrow services for the loan transaction.

On February 12, 2009, Finance Factors commenced judicial foreclosure proceedings in the Circuit Court of the Second Circuit, State of Hawaii

(the "State Foreclosure Action"), Yamada Decl. Ex. B, and filed a Notice of

Pendency of Action, also in the Circuit Court of the Second Circuit, State of

Hawaii (the "Notice of Pendency"). *Id*. Ex. C. On March 18, 2009, Finance

Factors filed a Motion for Summary Judgment in the State Foreclosure Action.

Plaintiffs did not file an opposition or appear at the hearing. *Id.* Ex. A, at 1. On

May 19, 2009, the state court issued its Findings of Facts, Conclusions of Law, and

Order Granting [Finance Factor's] Motion for Summary Judgment and

Interlocutory Decree of Foreclosure (the "State Summary Judgment Order"). *Id.*

Ex. A.

        In the State Summary Judgment Order, the state court found that the

Subject Mortgage was valid and that Plaintiffs had failed to make the agreed upon

payments. *Id.* Ex. A at 3, 4. The state court further found that Finance Factors was

entitled to (1) foreclosure of the Subject Mortgage; (2) sale of the Subject Property;

(3) receipt of the sale proceeds; (4) entry of a joint and several deficiency judgment

against Plaintiffs for the difference between the amount owed to Finance Factors

on the note and Subject Mortgage, and the proceeds from the foreclosure sale. *Id*.

at 5. The state court then appointed a commissioner and authorized and directed

him to take possession of the Subject Property and ensure its sale. *Id*. at 5-6. On

May 19, 2009, the state court entered judgment in the State Foreclosure Action.

Yamada Decl. Ex. D at 1-2.  Plaintiffs did not appeal the State Summary Judgment

Order or the entry of judgment.  Yamada Decl. ¶ 6.

On September 24, 2009, Finance Factors filed a Motion for

Confirmation of Sale, For Deficiency Judgment, For Writ of Possession And

Cancellation of Notice of Pendency of Action ("Finance Factors' Motion for

Confirmation") in the state court.  *Id*. Ex. E at 1.  Plaintiffs appeared in the

proceedings.  *Id*. at 2.  On December 31, 2009, the state court issued an order

granting Finance Factors' Motion for Confirmation (the "State Foreclosure

Confirmation Order"), which "ratified, approved, and confirmed" Finance Factors'

sale of the Subject Property.  *Id*. at 3.  The state court found that the sale of the

Subject Property was "legally and fairly conducted" and that the price was "fair,

equitable, and as high as any that [could] be obtained under the circumstances."  *Id*.

at 2.  Additionally, the state court issued a writ of possession "commanding the

Sheriff to remove [] SAMUEL LOMBOY BUMATAY and MARJORY

GOROSPE BUMATAY . . . and all of their personal belongings" from the Subject

Property.  *Id*. at 4-5.  On December 31, 2009, the state court entered judgment

pursuant to the State Foreclosure Confirmation Order and Plaintiffs did not appeal.

*Id*. Ex. F; Yamada Decl. ¶ 6.

Seven months later, on July 6, 2010, Plaintiffs filed the present action

in federal court.  Plaintiffs seek, among other things, an injunction against any

foreclosure proceedings and a declaration that title to the Subject Property remains

in Plaintiffs' names.  Compl. ¶¶ 43, 47.

**B.     Procedural Background**

        The Complaint alleges against all Defendants claims for declaratory

relief (count I); injunctive relief (count II); breach of the implied covenant of good

faith and fair dealing (count III); violation of TILA (count IV); violation of the

Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 - 2617

(count V); rescission (count VI); unfair and deceptive business practices (count

VII); breach of fiduciary duty (count VIII); unconscionability (count IX);

predatory lending (count X); and quiet title (count XI).  On July 7, 2010, Plaintiffs

also filed a notice of lis pendens on the Subject Property (which Finance Factors

seeks to expunge).

        On July 9, 2010, as set forth earlier, the court denied Plaintiffs'

request for a TRO, and deferred ruling on a Motion for Preliminary Injunction

pending notification to Defendants by Plaintiffs that the action and Motion had

been filed.  By letter to the court dated July 29, 2010, Plaintiffs indicated they had

served the Complaint and Petition for Injunctive Relief on Finance Factors and

First Hawaii.  *See* Doc. No. 25.

Meanwhile, on July 26, 2010, Finance Factors filed its Motion for

Summary Judgment, Expungement of Notice of Pendency of Action, and Other

Relief ("Motion for Summary Judgment").  On August 2, 2010, First Hawaii filed

its Substantive Joinder, seeking summary judgment on its own behalf as well.

All three matters were set for hearing on September 7, 2010, with

deadlines given of August 17, 2010 for oppositions to the motions, and of August

24, 2010 for replies.  *See* Doc. No. 19.  On August 17, 2010, Finance Factors and

First Hawaii submitted opposition memoranda to Plaintiffs' Motion for

Preliminary Injunction.  As mentioned earlier, Plaintiffs did not file an opposition

either to Finance Factors' Motion for Summary Judgment or to First Hawaii's

Substantive Joinder.  Plaintiffs also did not file replies to the oppositions to their

Motion for Preliminary Injunction.  On September 1, 2010, the hearing date was

vacated and the matters became ripe for decision without an oral hearing under

Local Rule 7.2(d).

### III.  <u>STANDARD OF REVIEW</u>

Summary judgment is proper where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(c).  Rule 56(c) mandates summary judgment "against a party who

fails to make a showing sufficient to establish the existence of an element essential

to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56(c) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law."

*In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at

248).  When considering the evidence on a motion for summary judgment, the

court must draw all reasonable inferences on behalf of the nonmoving party.

*Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille*

*Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence

of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn

in his favor." (citations omitted)).

## IV.  <u>DISCUSSION</u>

Finance Factors contends that summary judgment is appropriate on all

counts because Plaintiffs' claims are barred by res judicata (also sometimes known

as "claim preclusion").  First Hawaii similarly contends summary judgment is

appropriate because Plaintiffs' claims are barred by collateral estoppel (also

sometimes known as "issue preclusion").[3]  They contend that the State Foreclosure

───────────────────

[3] Hawaii law now prefers the modern terms "claim preclusion" and "issue preclusion" instead of "res judicata" and "collateral estoppel."  *See Bremer v. Weeks*, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004).  Hawaii cases sometimes merge the terms "res judicata" and "collateral estoppel."  *See, e.g.*, *Bush v. Watson*, 81 Haw. 474, 480, 918 P.2d 1130, 1136 (1996) ("Collateral estoppel is an aspect of res judicata . . . . [C]ollateral estoppel [is] an included doctrine [of res judicata].") (quoting *Morneau v. Stark Enters., Ltd.*, 56 Haw. 420, 423, 539 P.2d 472, 475 (1975)); *In re Dowsett Trust*, 7 Haw. App. 640, 644, 791 P.2d 398, 401 (1990) ("[R]es judicata comprises two separate doctrines or rules concerning the preclusive effect of prior adjudication. Those doctrines or rules are denominated 'res judicata' and 'collateral estoppel.'").  They both include a common three-pronged test.  *Bush*, 81 Haw. at 480, 918 P.2d at 1136.  Generally, the doctrines prevent parties from relitigating claims or issues that have already been decided by a competent tribunal.  *See, e.g.*, *Santos v. State of Hawaii*, 64 Haw. 648, 651-652, 646 P.2d 962,

(continued...)

Action precludes this subsequent federal action.

Federal courts look to the forum state's law to determine the preclusive effect of a state court judgment. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

Under Hawaii law, claim preclusion prevents a party from relitigating "not only . . . issues which were actually litigated in [a prior] action, but also . . . all grounds of claim and defense which might have been properly litigated in the [prior] action." *See Aganos v. GMAC Residential Funding Corp.*, 2008 WL 4657828, at *4 (D. Haw. Oct. 22, 2008) (quoting *Bremer v. Weeks*, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004)). Issue preclusion similarly prevents "a subsequent suit between the parties or their privies on a *different* cause of action and prevents the parties or their privies from relitigating *any* issue that was actually litigated and finally decided in the earlier action." *Id.* (quoting *Dorrance v. Lee*, 90 Haw. 143, 148, 976 P.2d 904, 909 (1999) (emphasis in original)).

"[Issue preclusion] also precludes relitigation of facts or issues

---

[3](...continued)
965 (1982). In this Order, the court uses the term "claim preclusion" where Hawaii law refers to "res judicata" and "issue preclusion" where Hawaii law refers to "collateral estoppel."

previously determined by one not a party in a prior suit against one who was a

party in that suit and who himself raised and litigated the fact or issue." *Bush v.*

*Watson*, 81 Haw. 474, 480, 918 P.2d 1130, 1136 (1996) (quoting *Morneau v. Stark*

*Enters., Ltd.*, 56 Haw. 420, 423, 539 P.2d 472, 475 (1975)).  This aspect of issue

preclusion is a "defensive use" to bar a party from re-litigating an issue against

someone who was not a party previously.

> Under a defensive use of the doctrine, a stranger relies
> upon a former judgment as conclusively establishing in
> his favor an issue which he must prove as an element of
> his defense, using the judgment as a "shield.". . . .  In the
> defensive use of [issue preclusion], the plaintiff, having
> lost in the first suit, remains the same but different
> defendants are involved in the second suit.

*Aga v. Hundahl*, 78 Haw. 230, 248, 891 P.2d 1022, 1040 (1995) (quoting *Rosa v.*

*CWJ Contractors, Ltd.*, 4 Haw. App. 210, 216, 664 P.2d 745, 750 (1983)).

> The policy basis for defensive [issue preclusion] is that
> the plaintiff had the opportunity to litigate the relevant
> issue and lost, failing to prove a claim.  The court "will
> not permit a plaintiff to have another opportunity to
> rehash the same claim the second time around by
> switching adversaries."

*Id.* (internal citation omitted) (quoting *Rosa*, 4 Haw. App. at 216-17, 664 P.2d at

650).

///

///

11

A.      **Claim Preclusion as to Finance Factors**

Finance Factors has "the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." *Bremer*, 104 Haw. at 54, 85 P.3d at 161.  All three elements are met.

First, there was a final judgment.  "[A] judgment is final where the time to appeal has expired without an appeal being taken." *Littleton v. State*, 6 Haw. App. 70, 75, 708 P.2d 829, 833 (1985) (quoting *Glover v. Fong*, 42 Haw. 560 (1958)).  Because the time to appeal both the State Summary Judgment Order and the State Foreclosure Confirmation Order has passed without Plaintiffs filing an appeal, these judgments are now final.

Second, the parties are the same.  Both Finance Factors and Plaintiffs were parties in the State Foreclosure Action.  *See Albano v. Norwest Fin. Haw.*, 244 F.3d 1061, 1064 (9th Cir. 2001) (finding the "same parties" prong of the res judicata test "pellucid" where the same parties to the state foreclosure proceeding appeared in a federal action).

Third, the "claims" are the same.  "To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the

12

'claim' asserted in the second action arises out of the same transaction, or series of

connected transactions, as the 'claim' asserted in the first action." *Kauhane v.*

*Acutron Co.*, 71 Haw. 458, 464, 795 P.2d 276, 279 (1990) (citing Restatement

(Second) of Judgments § 24 (1982)).  That is, claims arising out of the same

transaction "constitute the same 'claims' for [claim preclusion] purposes."  *Id.*

Moreover, claim preclusion "applies if the issues 'could have been raised in the

earlier state court actions.'"  *Albano*, 244 F.3d at 1064 (citations omitted); *see also*

*Bremer*, 104 Haw. at 53, 85 P.3d at 160 (observing that under Hawaii law "[t]he

judgment of a court of competent jurisdiction . . . precludes the relitigation . . . of

all grounds of claim and defense which might have been properly litigated in the

first action but were not litigated or decided").

Here, many of the issues raised in this action arise out of "the same

transaction, or series of connected transactions" as the claims asserted in the State

Foreclosure Action.  *Kauhane*, 71 Haw. at 464, 795 P.2d at 279.  That is, the State

Foreclosure Action decided identical issues as alleged here.  Both the State

Foreclosure Action and the present action concern the validity of the Subject

Mortgage and Finance Factors' right to foreclose on the Subject Property.  These

issues are predicate facts relevant towards claims in Plaintiffs' present complaint

(assuming such claims otherwise exist) for declaratory relief, injunctive relief, bad

13

faith, rescission, unfair and deceptive business practices, breach of fiduciary duty, unconscionability, "predatory lending," and "quiet title." These issues may not be relitigated here.

Further, it makes no difference for application of the doctrine that Plaintiffs failed to assert their present federal claims -- alleged violations of TILA and RESPA -- concerning the Subject Mortgage in the State Foreclosure Action (claims that were not actually litigated). They could have asserted them in the State Foreclosure Action, but did not. *See Albano*, 244 F.3d at 1064 ("There can be no doubt whatsoever that the [plaintiffs'] TILA claim could have been litigated in the foreclosure action. It was a defense that would have ineluctably precluded foreclosure if the [plaintiffs'] claims are meritorious"); *Bremer*, 104 Haw. at 53, 85 P.3d at 160.

Because all three elements of the claim preclusion test are met, Plaintiffs are barred from now bringing this action against Finance Factors in federal court. The issues were already decided in State Foreclosure Action, or Plaintiffs could have brought their claims in that action.

///

///

///

14

Accordingly, the court GRANTS Finance Factors' Motion for Summary Judgment.[4]  The notice of lis pendens of July 7, 2010 is expunged.

## B.   Issue Preclusion as to First Hawaii

First Hawaii substantively joins in the arguments made by Finance Factors, and seeks summary judgment on its own behalf.  First Hawaii was not a party to the State Foreclosure Action, but could have been, and it thus relies on the "defensive" use of issue preclusion.

Issue preclusion prevents "relitigation of facts or issues previously determined by one not a party in a prior suit against one who was a party in that suit and who himself raised and litigated the fact or issue." *Bush*, 81 Haw. at 480, 918 P.2d at 1136 (quoting *Morneau*, 56 Haw. at 423, 539 P.2d at 475).  The new party can "rel[y] upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense, using the [prior] judgment as a 'shield.'"  *Aga*, 78 Haw. at 248, 891 P.2d at 1040 (quoting *Rosa*, 4 Haw. App. at 216, 664 P.2d at 750).  To prevail, First Hawaii must establish that:

> (1) the issue decided in the prior adjudication is identical
> to the one presented in the action in question; (2) there is
> a final judgment on the merits; (3) the issue decided in

---

[4] The court declines to declare Plaintiffs as vexatious litigants, as requested by Finance Factors.  Most, if not all, of the activity Finance Factors complains about regarding vexatiousness did not occur in this court.  In any event, the court does not find the present record sufficiently egregious to justify declaring Plaintiffs vexatious.

> the prior adjudication was essential to the final judgment;
> and (4) the party against whom [issue preclusion] is
> asserted was a party or in privity with a party to the prior
> adjudication.

*Aganos*, 2008 WL 4657828, at *4 (quoting *Dorrance*, 90 Haw. at 149, 976 P.2d at

911).

The court has already established that there was a final judgment and

that Plaintiffs were parties to both actions.  Further, the issues decided in the State

Foreclosure Action (such as the validity of the note and subject mortgage) were

essential to the foreclosure judgment.  The first element -- whether the issues

decided in the State Foreclosure Action are identical to those presented in this

action -- is not as clear.

Regarding the identity-of-issues element, this court has previously

applied the following factors:

> (1) is there a substantial overlap between the evidence or
> argument to be advanced in the second proceeding and that
> advanced in the first?
> (2) does the new evidence or argument involve the application
> of the same rule of law as that involved in the prior proceeding?
> (3) could pretrial preparation and discovery related to the matter
> presented in the first action reasonably be expected to have
> embraced the matter sought to be presented in the second?
> (4) how closely related are the claims involved in the two
> proceedings?

*Id.* at *6-7 (quoting Restatement (Second) of Judgments § 27 cmt. c).

16

Applying these factors, the court finds that most of the issues raised in this action are "identical" to the issues litigated in the State Foreclosure Action. As analyzed with Finance Factors, both the State Foreclosure Action and the present action concern the validity of the Subject Mortgage and the right to foreclose on the Subject Property. These are predicate facts relevant towards (or barring) claims in Plaintiffs' present Complaint for declaratory relief, injunctive relief, bad faith, rescission, unfair and deceptive business practices, breach of fiduciary duty, unconscionability, "predatory lending," and quiet title. These issues may not be relitigated against Finance Factors. Issue preclusion thus bars those claims against First Hawaii. *See, e.g.*, *Bush*, 81 Haw. at 480, 918 P.2d at 1136.

Issue preclusion, however, does not bar the TILA and RESPA claims against First Hawaii. Those particular claims were not actually litigated in the State Foreclosure Action; they were not "identical" to the claims in State Court. Although claim preclusion bars those claims as against Finance Factors, First Hawaii cannot invoke issue preclusion to do the same. *See Spinney v. Greenwich Capital Fin. Prods., Inc.*, 2006 WL 1207400, at *8 (D. Haw. May 3, 2006) ("[Defensive issue preclusion] only prevents a party from relitigating an issue which was actually raised, litigated and decided in the prior action" (quoting *Pedrina v. Chun,* 906 F. Supp. 1377, 1402 (D. Haw. 1995)).

17

Nevertheless, the RESPA and TILA claims fail on the merits as a matter of law as to First Hawaii.  The RESPA claim, brought pursuant to 12 U.S.C. § 2607 (regarding illegal fees, kickbacks or fee-splitting), is time-barred on the face of the Complaint.  *See Diana I Am v. Nat'l City Mortg. Co.*, 2010 WL 571936, at *8 (D. Haw. Feb. 17, 2010) ("Any action pursuant to the provisions of [RESPA] § 2607 must be brought within one year from the date the violation occurred . . . . [which is], at the latest, the date of the closing") (citations omitted).  The loan transaction occurred in August 2007; this action was not brought until July 2010 -- well past the time limitation.[5]

As for the TILA claim, First Hawaii only performed escrow services for the 2007 loan transaction.  Decl. of Frank Ambriz, at 2, ¶ 3 (Doc. No. 23-1).  It was not a lender, creditor, or an assignee.  It follows that First Hawaii cannot be liable for TILA violations.  *See, e.g.*, *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 589 F. Supp. 2d 987, 992 (N.D. Ill. 2008) (dismissing TILA claims against escrow company reasoning that TILA "imposes no such duty" and "TILA burdens only *creditors* with disclosure obligations") (citations omitted);

---

[5] Finance Factors raised the argument that a RESPA claim was time-barred in its Motion for Summary Judgment (Doc. No. 10, Finance Factors' Memo. in Support of Mot., at 8 n.1), as well as in its Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. No. 29, at 12-13).  First Hawaii has substantively joined the argument.  First Hawaii has met its summary judgment burden, and Plaintiffs have failed to respond accordingly.  Summary judgment is therefore appropriate on the RESPA claim.

*Manuel v. Discovery Home Loans, LLC*, 2010 WL 2889510, at *3 (N.D. Cal. July 22, 2010) (reasoning that because "neither [escrow holder nor loan servicer] was obligated to make TILA disclosures in connection with Plaintiffs' loan, neither party can be liable for violations of TILA"); *Phleger v. Countrywide Home Loans, Inc.*, 2008 WL 65771, at *6 (N.D. Cal. Jan. 4, 2008) (dismissing TILA claim because "[a]n escrow agent is not . . . a creditor for purposes of TILA") (citations omitted).

Accordingly, the court GRANTS First Hawaii's Substantive Joinder. Summary judgment is GRANTED in favor of First Hawaii.

**C.    Plaintiffs' Motion for Preliminary Injunction**

The court has determined that the Complaint is barred against both Finance Factors and First Hawaii.  It necessarily follows that Plaintiffs are not entitled to any injunctive relief to prevent or undo past foreclosure proceedings. The State Foreclosure Action and State Summary Judgment Order are final.  There are no valid federal claims permitting rescission of the loan transaction or otherwise authorizing interference with the foreclosure process.  Accordingly, Plaintiffs' Motion for Preliminary Injunction is DENIED.

## V.  <u>CONCLUSION</u>

For the foregoing reasons,

(1) Defendant Finance Factors, Ltd.'s Motion for Summary Judgment, Expungement of Notice of Pendency of Action, and Other Relief (Doc. Nos. 10, 11) is GRANTED.  Summary judgment is GRANTED in favor of Finance Factors, and the notice of lis pendens filed by Plaintiffs on July 7, 2010 is EXPUNGED.

(2)  Defendant First Hawaii Title Corp.'s Substantive Joinder (Doc. No. 22) is GRANTED.  Summary judgment is GRANTED in favor of First Hawaii.

(3)  Plaintiffs' Motion for Preliminary Injunction (Doc. No. 8) is DENIED.

(4)  Although Finance Factors and First Hawaii are dismissed from the action, it is premature for the Clerk of Court to enter final judgment because Alii Mortgage remains at present as a non-served Defendant.  (If service is not made on Alii Mortgage within 120 days of filing of the Complaint, the action will

///

///

///

///

be dismissed without prejudice against Alii Mortgage as required by Rule 4(m) of

the Federal Rules of Civil Procedure, and final judgment will enter.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 16, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bumatay et al. v. Finance Factors, Ltd., et al.*, Civ. No. 10-00375 JMS/LEK, Order Granting Defendant Finance Factors, Ltd.'s Motion for Summary Judgment; Granting Defendant First Hawaii Title Corp.'s Substantive Joinder; and Denying Plaintiffs' Motion for Preliminary Injunction