IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUEL BUMATAY, an individual, and MARJORY BUMATAY, an individual,<br><br>  Plaintiffs,<br><br>  vs.<br><br>FINANCE FACTORS, LTD., a Business Entity; FIRST HAWAII TITLE CORP., a Business Entity, form unknown; ALII MORTGAGE COMPANY, form unknown; and DOES 1-100 inclusive,<br><br>  Defendants.<br>_____ | CIVIL NO. 10-00375 JMS/LEK<br><br>ORDER GRANTING DEFENDANT FINANCE FACTORS, LTD.'S MOTION FOR RULE 54(B) CERTIFICATION, AND GRANTING DEFENDANT FIRST HAWAII TITLE CORP.'S MOTION FOR RULE 54(B) CERTIFICATION |

## ORDER GRANTING DEFENDANT FINANCE FACTORS, LTD.'S MOTION FOR RULE 54(B) CERTIFICATION, AND GRANTING DEFENDANT FIRST HAWAII TITLE CORP.'S MOTION FOR RULE 54(B) CERTIFICATION

### I. INTRODUCTION

On July 6, 2010, Plaintiffs Samuel Bumatay and Marjory Bumatay (collectively, "Plaintiffs") filed a *pro se* Complaint alleging Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* and other related violations, against Defendants Finance Factors, Ltd. ("Finance Factors"), First Hawaii Title Corp. ("First Hawaii"), and Alii Mortgage Company ("Alii Mortgage") (collectively, "Defendants") related to

a prior judicial foreclosure in state court. On September 16, 2010, this court granted summary judgment in favor of Finance Factors and First Hawaii, primarily on prior adjudication grounds.

Despite the grants of summary judgment, because Alii Mortgage had not entered an appearance (and had apparently not been served), the court indicated that it was premature to enter final judgment. The court indicated that the action would be dismissed against Alii Mortgage if it were not served within 120-days (November 8, 2010) of the filing date of this action. Meanwhile, counsel for Plaintiffs entered an appearance.

Finance Factors and First Hawaii subsequently filed separate Motions for Rule 54(b) Certification (Doc. Nos. 36 and 38), each seeking entry of final judgment as to all claims against them. Plaintiffs did not oppose the Motions. For the following reasons, the Motions are GRANTED.

## II.  DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure, regarding "Judgment on Multiple Claims or Involving Multiple Parties" provides:

> When an action presents more than one claim for relief --
> whether as a claim, counterclaim, crossclaim, or
> third-party claim -- or when multiple parties are involved,
> the court may direct entry of a final judgment as to one or
> more, but fewer than all, claims or parties only if the
> court expressly determines that there is no just reason for

> delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Ninth Circuit has explained the process by which a district court may direct entry of final judgment as to one party in a multi-party suit:

> A district court must first determine that it has rendered a "final judgment," that is, a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright* [*Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)], (quoting [*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)]). Then it must determine whether there is any just reason for delay. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.* at 8, 100 S. Ct. 1460 (quoting *Mackey*, 351 U.S. at 437, 76 S. Ct. 895). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (quoting *Mackey*, 351 U.S. at 438, 76 S. Ct. 895).

*Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). The court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already

determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. As the Supreme Court has noted, however, the absence of one of those factors would not necessarily preclude certification; "[i]t would, however, require the district court to find a sufficiently important reason for nonetheless granting certification." *Id.* at 8 n.2. *See also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (stating that certification under Rule 54(b) "is proper if it will aid 'expeditious decision' of the case" (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987))); *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) (holding that claims need not be "separate from and independent of the other claims" to be certifiable under Rule 54(b)). Courts must consider the judicial administrative interest in avoiding "piecemeal appeals," as well as the other equities involved. *Curtiss-Wright*, 446 U.S. at 8. *See also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2659 (1998) ("It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.").

Applying these factors, the court concludes that entering a separate

judgment (or judgments) under Rule 54(b) in favor of Finance Factors and First Hawaii is "in the interest of sound judicial administration."

First, there have been final decisions as to claims against Finance Factors and First Hawaii. Alii Mortgage was not part of the prior state foreclosure action, and so -- at least as to Finance Factors -- any possible claims against Alii Mortgage would be separate from and independent of claims that might be appealed as to Finance Factors. *See Curtiss-Wright*, 446 U.S. at 8.

Some possible claims against Alii Mortgage might be similar to claims made against First Hawaii, but it is far from clear that granting Rule 54(b) certification in favor of First Hawaii will result in an appellate court having to consider the same facts again in separate appeals. *See Alcan Aluminum*, 689 F.2d at 817. Given the uncertain status of Alii Mortgage (it is unclear whether it has been served or whether Plaintiffs even intend to proceed against Alii Mortgage -- assuming that a claim could be stated against it), it appears unlikely that an appellate court will have to decide the same issues more than once. *See Curtiss-Wright*, 446 U.S. at 8.[1] Indeed, Plaintiffs -- who now have counsel -- did not

---

[1] The court delayed entry of judgment even though the Ninth Circuit has stated "[i]f an action is dismissed as to all of the defendants who have been served and only unserved defendants remain, the district court's order may be considered final under Section 1291 for the purpose of perfecting an appeal." *Patchick v. Kensington Pub. Corp.*, 743 F.2d 675, 676 (9th Cir. 1984). Where there are unserved defendants "there is no reason to assume that there will be
(continued...)

oppose the Motions.

Second, there are other equities involved.  Because the adjudicated claims against Finance Factors are separate and distinct from possible claims against Alii Mortgage, there is no reason for Finance Factors to have to wait until those other claims (if they are pursued) become final.  Moreover, ownership of the subject property has been decided by the State court, and Finance Factors represents that the property is in its possession, pending the closing of its sale.  There is a sufficiently important reason for entering judgment now to Finance Factors, instead of awaiting whether claims will actually be pursued as against Alii Mortgage.  In short, delaying entry of judgment in favor of Finance Factors could work to its substantial prejudice.

As for First Hawaii, it has no interest in the subject property.  Nevertheless, because the court has granted summary judgment in favor of First Hawaii on all claims, First Hawaii should also not have to await whether Plaintiffs will attempt to proceed against Alii Mortgage.

///

///

---

[1](...continued)
any further adjudication of the action." *Id.*

## III. **CONCLUSION**

Accordingly, the court finding no just reason for delay, and GRANTS the Motions for Rule 54(b) Certification (Doc. Nos. 36 and 38). The Clerk of Court shall enter a separate judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in favor of Defendants Finance Factors, Ltd., and First Hawaii Title Corporation.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 26, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bumatay et al. v. Finance Factors, Ltd., et al.*, Civ. No. 10-00375 JMS/LEK, Order Granting Defendant Finance Factors, Ltd.'s Motion for Rule 54(b) Certification, and Granting Defendant First Hawaii Title Corp.'s Motion for Rule 54(b) Certification